JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PEA ENTERPRISES, LLC, | ) | Case No. ED CV 15-2330-JAK (SP) |
| Plaintiff, | ) | |
| vs. | ) | ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |
| JEROME RICHARD SHAWKE, et al., | ) | |
| Defendants. | ) | |

    The Court will remand this unlawful detainer action to state court summarily because defendant removed it improperly.

    On November 12, 2015, defendant Jerome Richard Shawke, having been sued in what – so far as the Court can tell – appears to be a routine unlawful detainer action in California Superior Court, lodged a Notice of Removal of that action to this Court. There are defects in the removal process defendant employed, and it appears there is no basis for this Court's jurisdiction in any event.

    First, defendant failed to attach to his Notice of Removal "a copy of all process, pleadings, and orders served upon such defendant" in the state action, as required for removal to be effective. *See* 28 U.S.C. § 1446(a). In particular, he did not attach a copy of the complaint, but instead attached only the counter-request to

set the unlawful detainer action for trial, which defendant himself filed in the state action. Thus, the only indication the Court has about the nature of the underlying state action is from this counter-request to set the case for trial.[1] Defendant's failure to attach a copy of the complaint renders the removal defective and, by itself, warrants remand.

Second, the Notice of Removal also fails to contain "a short and plain statement of the grounds for removal" as required. *See* 28 U.S.C. § 1446(a). It does contain a section titled "Basis for Removal" (*see* Notice of Removal at 3-5); however, this consists of nine paragraphs of largely unintelligible assertions; there is nothing "short and plain" about it. To the extent a basis for removal can be discerned, it appears plaintiff is asserting federal question jurisdiction. As discussed below, there is no indication of any legitimate basis for federal question jurisdiction. And as a whole, the lengthy Notice of Removal and its many attachments is a largely incoherent amalgam of seemingly irrelevant and frivolous legal and factual assertions.

Third, there is no indication plaintiff could have brought this action in federal court in the first place, in that defendant does not competently allege facts supplying either diversity or federal question jurisdiction, making removal improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). As noted, it appears defendant has asserted federal question jurisdiction as his basis for removal. *See* 28 U.S.C. § 1331. But he does not actually allege that the underlying state complaint raises any federal question. Instead, he asserts his own defense case raises federal questions. *See* Notice of Removal at 3 ("the freeman Mr Shawke suit

---

[1] The Court attempted to look up online the Superior Court's records of the case, No. PSC1504722, but was unable to locate it on the Riverside Superior Court's website (http://www.riverside.courts.ca.gov/publicaccess.shtml).

involves 26 or more below C. listed matters of law"), 5 (referring to "matters of law in the brief below"). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986); *accord More-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1244 (9th Cir. 2009). Any federal claim must arise in the underlying complaint in order to invoke federal jurisdiction. *See Merrell Dow*, 478 U.S. at 808 ("the question for removal jurisdiction must . . . be determined by reference to the 'well-pleaded complaint'"). Although, as noted, plaintiff failed to attach the underlying complaint, there is no indication the underlying unlawful detainer action raises a federal question.

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California for Riverside County for procedural defects and lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); and (2) the Clerk send a certified copy of this Order to the state court.

DATED: December 8, 2015

HONORABLE JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Sheri Pym
United States Magistrate Judge